IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTA PRODUCTS INC., and DANA MCCURNIN, | No. C 05-02274 CRB |
| Plaintiffs, | |
| v. | |
| ANDREW DYAKON, | |
| Defendant. _____/ | |
| BETTA PRODUCTS INC., and DANA MCCURNIN, | No. C 06-2417 CRB |
| Plaintiffs, | **ORDER DENYING MOTIONS FOR RECONSIDERATION AND MOTIONS FOR RULE 11 SANCTIONS** |
| v. | |
| RICHARD SHINDLE, | |
| Defendant. _____/ | |

After issuing Orders To Show Cause and holding oral argument, the Court entered an Order dismissing the above cases for plaintiffs' failure to prosecute. Now pending before the Court are plaintiffs' motions for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) and Rule 60(b) and defendants' motions for Rule 11 sanctions. After carefully considering the pleadings and evidence, and the entire record in these cases, the Court DENIES all motions.

## PROCEDURAL HISTORY

Plaintiffs Betta Products, Inc. ("Betta) and Dana McCurnin, trustee of the Betta Products Litigation Trust (collectively "plaintiffs"), filed these related actions. On May 5, 2008, the Court sua sponte dismissed Betta v. Shindle, 06-2417 CRB, based on plaintiffs' failure to take any action in the case for more than two years, and in light of plaintiffs' representation–under oath–in a related case that plaintiffs no longer had available to them any witnesses who are knowledgeable about Betta's corporate records. Plaintiffs responded by filing a motion to vacate the dismissal on the ground that they had not had the opportunity to defend their inaction and that they had good cause for their failure to take any action to prosecute the lawsuit. Accordingly, the Court vacated the dismissal and ordered plaintiffs to show cause why the action should not be dismissed for their failure to prosecute.

Defendant Richard Shindle filed an opposition to plaintiffs' motion to vacate, and in his opposition notified the Court that plaintiffs had another action pending before this Court that plaintiffs had failed to prosecute for nearly three years, Betta v. Dyakon, 05-2274 CRB. In response the Court issued an Order to Show Cause why the Dyakon matter should also not be dismissed based on plaintiffs' failure to prosecute that action. The Court scheduled a hearing on the Orders To Show Cause for June 19, 2008 and notified the parties that in deciding whether to dismiss, the Court would consider the entire record to date, including plaintiffs' submissions in connection with its motion to vacate the dismissal in Shindle.

Plaintiffs filed written oppositions and evidence in opposition to the Show Cause Orders. Plaintiffs explained that they had not taken any, or, at most, very little action to prosecute these actions due to Betta's bankruptcy and its June 2006 cessation of business; given their limited resources they decided to prosecute other actions before proceeding with these two lawsuits. The Court held oral argument at which plaintiffs reiterated the arguments set forth in their written oppositions. At no time during oral argument did plaintiffs suggest that they needed, or would at least like, additional time to respond to the Court's Show Cause Orders.

The Court applied the Ninth Circuit's five factor test for determining whether to dismiss a case for failure to prosecute and found that dismissal is warranted. In so ruling the Court found that plaintiffs' excuse for their delay is frivolous and not reasonable as a matter of law. June 24, 2008 Order at 5-6. The Court also found that plaintiffs had not rebutted the presumption of prejudice that arose from their unreasonable delay in prosecution. Id. at 7. Finally, the Court found that plaintiffs had not proposed--and the Court was not aware of-- any available less drastic sanctions for plaintiffs' delay. Id. at 7-8. Accordingly, the Court dismissed the cases with prejudice and entered judgment in favor of defendants.

Plaintiffs now move for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) and Rule 60(b); specifically, plaintiffs ask the Court to vacate the judgments and set the cases for trial. Defendants oppose the motions and have moved for Rule 11 sanctions on the ground that plaintiffs' reconsideration motions are frivolous.

## DISCUSSION

### I.     Motions For Reconsideration

A district court may reconsider an order granting judgment under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). See School Dist. No. 1J, Multnomah County, Or. V. ACandS, 5 F.3d 1255, 1262 (9th Cir. 1993). Plaintiffs cite to both Rules.

Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. Id. at 1263. Although plaintiffs do not identify upon which prong they rest their motion, they appear to argue that the Court "committed clear error" or that the Court's decision was "manifestly unjust" because their claims have merit and can be proved through the testimony of Dennis Walsh and plaintiff Dana McCurnin. They assert: "[i]t is apparent from the Court's Order that the court presumed that Plaintiffs would be unable to produce evidence to support their claims and that this presumption influenced the Court's Order and Judgment."

3

The Court did not dismiss plaintiffs' claims because it believed plaintiffs' claims were without merit; the Court dismissed plaintiffs' lawsuits based on its consideration of the five factors, none of which include the merits of the plaintiffs' lawsuits. The Court found that the first factor–the public's interest in expeditious resolution of litigation–weighs in favor of dismissal because of plaintiffs' delay in taking any action to prosecute these actions. Order at 5. The Court also found that plaintiffs' explanation for their delay–that they unilaterally decided to utilize their and their law firm's limited resources to prosecute other lawsuits first–was unreasonable. Id at 5-6. The Court also noted its concern that these actions could be expeditiously resolved in light of plaintiffs' representation under oath in a related action before this Court that they are unable locate any persons who have firsthand knowledge of Betta's corporate records. Id. at 6.

Plaintiffs' seize on this last statement to support their claim that the Court dismissed their lawsuits because it erroneously believed they could not prove their cases. Plaintiffs' misconstrue the Court's Order. The Court found that the first factor weighed in favor of dismissal because of the length of plaintiffs' inaction and the unreasonableness of their excuse. The Court's concern with whether these actions could be expeditiously resolved was noted, but was not central to the Court's decision. Even if the Court did not have that concern, it would have still found–and does find–that the first factor weighs in favor of dismissal; plaintiffs have not cited any caselaw, and the Court is aware of none, which provides that a plaintiff may file a case and then unilaterally decide not to take any action to prosecute the case because it would rather use its limited resources to instead prosecute other actions.

In any event, plaintiffs have still not explained their representations in the related case. When plaintiffs and their counsel were potentially on the hook for thousands of dollars in attorney fees and costs, they represented to the Court that all of Betta's records had been placed in storage and that they have been unable to locate any former Betta personnel with knowledge of and the ability to authenticate Betta's corporate records. See Betta v. Transglobal, 05-2273 CRB, Docket no. 161, Declaration of Laura Portillo, Dec. 3, 2007 at

4

¶ 25 ("All of Betta's records were placed in storage, and the people who had knowledge of the contents of these records were no longer available to the Committee to prosecute the lawsuit."); id. ¶ 27 (noting that when defendants noticed the deposition of the person most knowledgeable plaintiffs were "unable to locate any person who had firsthand knowledge of Betta's corporate records"); Betta v. Transglobal, 05-2273 CRB, Docket no. 165, Declaration of Dennis Walsh, Dec. 4, 2007 at ¶ 6 (explaining that the voluntary dismissal of the Transglobal action "reflected the harsh reality that all of Betta's former personnel have moved on and there is [sic] no available witnesses to testify and locate and authenticate documents and otherwise assist in proving the Plaintiffs' case.") (emphasis added). Now plaintiffs take a different position: they claim that two of the former personnel who have been assisting with all of the Betta cases from the beginning–Dennis Walsh and plaintiff Dana McCurrin–do, in fact, have knowledge of the corporate records relevant to these two cases; they just do not have knowledge of the corporate records relevant to the case in which plaintiffs were defending the motion for attorney fees and costs. Regardless of whether plaintiffs now believe they have the records and witnesses they need to prove these two cases, however, Betta's closure more than two years ago, and the concomitant dispersal of Betta's personnel, will make it difficult for defendants to fairly mount a defense; thus the Court's concern with the expeditious resolution of the cases remains.

The Court also mentioned plaintiffs' representations about the availability of corporate records in connection with the prejudice factor. First, the Court found that a presumption of actual prejudice applies because plaintiffs do not have a non-frivolous excuse for their failure to take any action to prosecute these two lawsuits. See In re Eisen, 31 F.3d 1447, 1454 (9th Cir. 1994) ("courts presume injury based on the fact that witnesses move away and their memories fade") (internal quotation marks and citation omitted).

Second, the Court found that regardless of the presumption, defendants have suffered actual prejudice because (1) the cases involve events that occurred more than six years ago, (2) since that time Betta has ceased operations, terminated all of its employees, and placed all of its documents in storage, and (3) plaintiffs have represented that they no longer have

1 available anyone with firsthand knowledge of Betta's corporate records. These findings have
2 nothing to do with the merits of plaintiffs' cases; rather, they concern defendants' ability to
3 fairly defend these actions in light of plaintiffs' unreasonable delay.

4     In sum, the whole premise of plaintiffs' motions for reconsideration–that the Court
5 dismissed their lawsuits because they did not produce "summary judgment type" evidence
6 supporting their claims–is wrong. The Court dismissed their lawsuits because they
7 unreasonably delayed the prosecution of these actions.

8     It follows, then, that the other *new* argument raised in plaintiffs' motions also fail.
9 Plaintiffs complain that the Court did not give plaintiffs notice that they needed to produce
10 "summary judgment type" evidence and even if the Court had given them notice, did not give
11 them enough time to produce such evidence. As is explained above, such evidence is of
12 limited relevance; the Court's dismissal decision is not based on a finding that plaintiffs'
13 claims are without merit. See id. 31 F.3d at 1454. This "summary judgment type" evidence
14 is the only evidence plaintiffs claim they did not have time to submit to the Court; they do
15 not argue that they did not have an adequate opportunity to explain the reasons for their lack
16 of diligence. Nor could they. First, they never asked the Court for more time, even at oral
17 argument. Second, their motion to vacate the Shindle judgment, responses to the two Orders
18 to Show Cause, and their motions for reconsideration, all posit the same excuse: plaintiffs
19 simply chose to prosecute other actions first.

20     Plaintiffs' remaining arguments rehash the same arguments made in their motion to
21 vacate and their responses to the Show Cause Order and thus may not form the basis for
22 motions for reconsideration under Rule 59(b) as a matter of law.

23     Plaintiffs also cite Rule 60(b) in support of their motions for reconsideration. Relief is
24 also unavailable under this Rule. "Rule 60(b) provides for reconsideration only upon a
25 showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3)
26 fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary
27 circumstances which would justify relief. None of these potential grounds for relief is
28

6

applicable here." School Dist. No. 1J, Multnomah County, 5 F.3d at 1263 (internal quotation marks and citation omitted).

## II.     Defendants' Motion for Rule 11 Sanctions

Defendants move for Rule 11 sanctions. They argue that the evidence offered by plaintiffs in support of their motions was not recently discovered and thus may not form the basis of a motion for reconsideration and the rest of plaintiffs' arguments simply repeat arguments they have previously made to the Court.

The Court agrees that much of plaintiffs' motions for reconsideration simply repeat–sometimes nearly verbatim–the arguments made in their motion to vacate and their responses to the Show Cause Orders and thus are not appropriate bases for a motion for reconsideration. The gravamen of their motions, however, is that their cases have merit. While plaintiffs have not persuaded the Court to reconsider its earlier rulings, the Court does not find the motions sanctionable, especially in light of the result of the earlier rulings: dismissal with prejudice. The Court also does not find plaintiffs' presentation of the affidavit to be sanctionable. Accordingly, the Court in its discretion DENIES the motions for Rule 11 sanctions.

**IT IS SO ORDERED.**

Dated: September 8, 2008

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE